Clarence I. JUSTHEIM et al.,
Appellants,

v.

Douglas McKAY, Secretary of the Interior, et al., Appellees.

No. 12561.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 18, 1955.

Decided Jan. 5, 1956.

Mr. Clair M. Senior, of the bar of the Supreme Court of Utah, Salt Lake City, Utah, pro hac vice, by special leave of Court, with whom Mr. Melville Ehrlich, Washington, D. C., was on the brief, for appellants.

Mr. George S. Swarth, of the bar of the Supreme Court of California, pro hac vice, by special leave of Court, with whom Mr. Roger P. Marquis, Washington, D. C., was on the brief, for appellee Douglas McKay.

Mr. William W. Clary, of the bar of the Supreme Court of California, Los Angeles, Cal., pro hac vice, by special leave of Court, with whom Messrs. Albert Noble McCartney and Hugh Fullerton, Washington, D. C., were on the brief, for appellees Signal Oil and Gas Company and Southwest Exploration Company.

Before PRETTYMAN, WILBUR K. MILLER, and BASTIAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Between 1938 and 1947 our appellants, or persons through whom they claim, filed with the Secretary of the Interior separate applications under the Mineral Lands Leasing Act of 1920 [1] for oil and

---

1. 41 Stat. 437, as amended, 30 U.S.C.A. § 181 et seq., Sec. 1 of which Act provided in pertinent part: "That deposits of * * * oil, oil shale, or gas, and lands containing such deposits owned by the United States, including those in national forests, but excluding lands acquired under the Act known as the Appalachian Forest Act, approved March 1, 1911 (Thirty-sixth Statutes, page 961), and those in national parks, and in lands withdrawn or reserved for military or

gas leases of submerged lands off the coast of California. These lands are located below the line of mean low tide and within the three-mile limit. In 1948 appellants' applications were denied, on the ground that the lands in question were not subject to disposition under the Mineral Lands Leasing Act. Appellants then brought this suit against the Secretary, seeking an adjudication that the Act applied to lands under the marginal seas. Additional parties were allowed to intervene as defendants. The District Court concluded that the Mineral Lands Leasing Act applied only to public lands and that public lands do not include lands beneath the marginal seas. Judgment was entered for the defendants. This appeal followed.

In support of its conclusion the District Court rendered a memorandum opinion.[2] We think its reasoning was sound and we need not repeat it here. Appellants, however, say the court failed to give effect to several decisions of the Supreme Court. We consider this contention briefly.

Appellants first cite Hynes v. Grimes Packing Co.[3] There the Secretary of the Interior had been authorized to designate as Indian reservations in Alaska "any * * * public lands which are actually occupied by Indians or Eskimos within said Territory".[4] The argument was made that this authorization did not extend to certain fisheries beyond the line of mean low tide. The Supreme Court rejected the contention. It made clear, however, that the conclusion rested upon "the history and habits of Alaska natives and the course of administration of Indian affairs in that Territory."[5] The Court was not dealing generally with lands located beneath the marginal seas; it was dealing with particular lands and with the necessity of fitting the statute before it into an "existing system" of custom and administration. Its decision lends no support to appellants' proposition that all lands under the marginal seas are public lands subject generally to disposal under the Mineral Lands Leasing Act.

■■ Appellants also rely upon State of Alabama v. Texas (State of Rhode Island v. Louisiana).[6] These were companion cases in which the Supreme Court denied leave to file complaints challenging the power of Congress to quitclaim to certain states the interest of the United States in lands under the marginal seas.[7] In a short *Per Curiam* opinion the Court spoke of the power of Congress to dispose of "public lands" and lands within the "public domain". But the Court was dealing with the power of Congress to dispose of those lands by special enactment. It decided only that Congress exercised proprietary rights over lands beneath the marginal seas and that those rights could be relinquished. The term "public lands" was thus

naval uses or purposes, * * * shall be subject to disposition in the form and manner provided by this Act * * *."

2. Justheim v. McKay, 123 F.Supp. 560 (D.C.D.C.1954).

3. 337 U.S. 86, 69 S.Ct. 968, 93 L.Ed. 1231 (1949).

4. 49 Stat. 1250 (1936), 48 U.S.C.A. § 358a.

5. Hynes v. Grimes Packing Co., supra, 337 U.S. at pages 110–111, 69 S.Ct. 982–983. In its opinion the Court specifically rejected a statutory interpretation arrived at "by extracting * * * a single phrase, such as 'public lands,' and getting the phrase's meaning from the dictionary or even from dissimilar statutes." It emphasized the necessity of reading the statute as a whole and in context. Id., 337 U.S. at page 116, 69 S.Ct. 985. We think this admonition equally applicable here. Appellants contend that the words of the Mineral Lands Leasing Act, "lands * * * owned by the United States," should be given their dictionary meaning. The District Court, however, considered the history of the subject, the statute as a whole and the difficulties in administration posed by appellants' interpretation. It properly concluded that the intent of the Congress was better revealed by the whole than by an isolated part.

6. 347 U.S. 272, 74 S.Ct. 481, 98 L.Ed. 689 (1954).

7. By the terms of the Submerged Lands Act of 1953, 67 Stat. 29, 43 U.S.C.A. § 1301 et seq.

used generally to designate lands subject to disposal as property of the United States.[8] It by no means follows that lands so designated are also subject to disposal under general laws such as the Mineral Lands Leasing Act. In the case at bar the District Court recognized and relied upon the distinction. It held, after careful consideration, that Congress did not intend to apply the Mineral Lands Leasing Act to lands under the marginal seas where problems of survey and administration would be wholly different from those contemplated in the statute. We think this conclusion is consistent with the Supreme Court decisions cited by appellants. The judgment of the District Court will therefore be

Affirmed.

8. See Hynes v. Grimes Packing Co., supra, 337 U.S. at page 114 note 39, 69 S.Ct. 985.